UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO- WESTERN DIVISION- CINCINNATI

------------------------------------------------------------------------x

Diane Cash

        Plaintiff,                                  Index No:

    -against-                                 Demand for Trial by Jury

Experian Information Solutions, Inc.
Aargon Agency, Inc.,

        Defendant(s).

------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Diane Cash ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Experian Information Solutions, Inc., ("Experian") and Defendant Aargon Agency, Inc., ("Aargon") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

4. Plaintiff also brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

5. Plaintiff is a resident of the State of Ohio, Clermont County.

6. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation and may be served with process upon CT Corporation System, its registered agent for service of process at 4400 Easton Commons Way, Suite 125, Columbus, OH, 43219.

8. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Aargon Agency, Inc., is a person who furnished information to consumer reporting agencies under 15 U.S.C. § 1681s-2 that conducts business in this jurisdiction, and may be served with process upon Cogency Global, Inc., its registered agent for service of process at 3958-D Brown Park Drive, Hilliard, OH 43026.

11. Defendant Aargon Agency, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. Defendant Aargon Agency, Inc., was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Aargon Dispute and Violation

14. On information and belief, on a date better known to Defendant Experian, Experian prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to an Aargon collection account.

15. The inaccurate information furnished by Defendant Aargon and published by Experian is inaccurate and misleading because the debt that Aargon has, has an overstated balance and improper open date.

16. Additionally, the account was not marked as disputed.

17. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

18. Experian has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

19. Plaintiff notified Experian and Aargon that she disputed the accuracy of the information Experian was reporting on or around October 22, 2021.

20. It is believed and therefore averred that Experian notified Defendant Aargon of the Plaintiff's dispute.

21. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Experian did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

22. Experian violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

23. Defendant Aargon violated the FDCPA in that it did not report that Plaintiff had disputed the Alleged Debt.

24. As explained in *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir.2008) - "The relevance of the portion of § 1692e(8) on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the consumer has disputed the Alleged Debt.

25. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the [FDCPA]:

> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... *and reports it to a credit bureau,* he must report it as disputed.

2. Post-report dispute. *When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Id.* at 418 (emphasis in original) (citing FTC Staff Commentary, 53 Fed.Reg. 50097–02, 50106 (Dec. 13, 1988))

26. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. *See, e.g., Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, \*\* 11 (D.Del.2012) (holding that the duty to report a debt under [Section 1692e(8) ] arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, \*10-11 (D.Minn.2011) ( "[I]f a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, \*57 (S.D.N.Y.2006) ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, \*13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

27. Here, Defendant Aargon re-reported the alleged debt on the Plaintiff's credit report, after knowing of the Plaintiff's dispute.

28. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

29. As a result of the Defendants failure to comply with the FCRA and FDCPA, the Plaintiff suffered concrete harm in the form of a diminished credit score, loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Experian)

30. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

31. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

32. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

33. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

34. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

35. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

36. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Diane Cash, an individual, demands judgement in her favor against Defendant, Experian, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Experian)

37. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

39. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

40. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

    h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

41. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

42. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

43. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Diane Cash, an individual, demands judgement in her favor against Defendant, Experian, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Aargon)**

44. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

46. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

47. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

48. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

49. The Defendant Aargon violated 15 U.S.C. § 1681s2-b by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

50. Specifically, the Defendant Aargon continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the account balance.

51. Additionally, the Defendant Aargon failed to continuously mark the account as disputed.

52. As a result of the conduct, action and inaction of the Defendant Aargon, the Plaintiff suffered damage in the form of a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

53. The conduct, action and inaction of Aargon was willful, rendering Defendant Aargon liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Aargon in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Diane Cash, an individual, demands judgement in her favor against Defendant Aargon for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Aargon)**

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

57. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigation conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

58. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

59. The results of the investigation must be reported to the agency, and if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must be reported to other agencies which were supplied such information.

60. Defendant Aargon is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

61. After receiving the Dispute Notice from Experian, Defendant Aargon negligently failed to conduct its reinvestigation in good faith.

62. Specifically, the Defendant Aargon continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the account balance.

63. Additionally, the Defendant Aargon failed to continuously mark the account as disputed.

64. A reasonable investigation would require a furnisher such as Defendant Aargon to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

65. The conduct, action and inaction of Defendant Aargon was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

66. As a result of the conduct, action and inaction of Defendant Aargon, the Plaintiff suffered damage in the form of a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

67. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Aargon, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff Diane Cash, an individual, demands judgement in her favor against Defendant, Aargon, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION

### (Violation of the FDCPA as to Aargon)

68. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

69. When Defendant Aargon re-reported the credit account after it received the dispute, Defendant Aargon failed to list the account as "disputed by consumer" despite being required to do so by the FDCPA.

70. As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered, which has resulted Plaintiff's in inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities.

71. Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, constituted a violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10) and 1692f.

72. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

73. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

i) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: May 15, 2022                    Respectfully Submitted,

/s/ Amichai E. Zukowsky
Amichai E. Zukowsky, Esq.
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
Phone: 216.800.5529
Email: ami@zukowskylaw.com
*Attorney for Plaintiff*